IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PHILLIP JONES, Inmate #18419-039,   )
                                    )
          Petitioner,               )
                                    )
vs.                                 )   CIVIL NO. 05-426-MJR
                                    )
M. REVELL,                          )
                                    )
          Respondent.               )

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Petitioner, an inmate in the Federal Correctional Institution in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his 1995 conviction in the United States District Court for the Eastern District of Michigan.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

Normally a person in federal custody may challenge his conviction *only* by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255. In certain cases, a prisoner may use the general habeas statute, 28 U.S.C. § 2241, to obtain relief, but this method is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). Section 2241 may not be used as a substitute for Section 2255 where a Petitioner has already sought but been denied

relief under Section 2255, or where Petitioner no longer has an opportunity to seek relief under Section 2255 because of the Section's one-year period of limitation. *See e.g. Cooper v. United States*, 199 F.3d 898, 901 (7th Cir. 1999).

A petition challenging the conviction *may* be brought pursuant to 28 U.S.C. § 2241 where the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective. However, the fact that Petitioner may be barred from bringing a Section 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior Section 2255 motion). Further, "[f]ailure to comply with the requirements of the § 2255 statute of limitations is not what Congress meant when it spoke of the remedies being 'inadequate or ineffective to test the legality of his detention.'" *Montenegro v. U.S.*, 248 F.3d 585 (7th Cir. 2001), *overruled on other grounds*, *Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001).[1] *See also Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000) ("Neither will a claim of procedural bar suffice to demonstrate that Section 2255 relief is inadequate or ineffective."); *United States v. Barrett*, 178 F.3d 34, 49- 50 (1st Cir. 1999), *cert. denied*, 528 U.S. 1176 (2000); *Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997) (noting that Section 2255's substantive and procedural barriers by themselves do not establish that Section 2255 is inadequate or ineffective); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). Instead, a petitioner under Section 2241 must demonstrate the inability of a Section 2255 motion to cure the defect in the conviction.

In *Davenport*, the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255. The Circuit stated that "[a] procedure for post-conviction relief can fairly be termed

---

[1] *Ashley* overruled only Part III of *Montenegro*. *Ashley* held that a decision that a right initially recognized by Supreme Court is retroactively applicable to cases on collateral review, as will begin one-year limitations period under Antiterrorism and Effective Death Penalty Act (AEDPA), can be made by a Court of Appeals or a district court, as well as by Supreme Court. *Ashley*, 266 F.3d at 674.

inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as ***having been imprisoned for a nonexistent offense***." *Davenport,* 147 F.3d at 611 (emphasis added).

> Every court that has addressed the matter has held that § 2255 is "inadequate or ineffective" only when a structural problem in § 2255 forecloses even one round of effective collateral review – and then only when as in *Davenport* the claim being foreclosed is one of actual innocence. *See, e.g., Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538-39 (3$^d$ Cir. 2002); *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000); *Reyes-Requena v. United States*, 243 F.3d 893, 902-03 (5th Cir. 2001); *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001); *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999).

*Taylor v. Gilkey*, 314 F.3d 832 ,835-36 (7th Cir. 2002).

When, then, may a petitioner successfully argue that he is "actually innocent" under *Davenport*? The Seventh Circuit recently clarified this standard, stating that "actual innocence" is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Such is not the case here. Although Petitioner nominally states that he is actually innocent, Petitioner does not suggest that the charged conduct is no longer a crime. Accordingly, Petitioner cannot obtain the relief he desires through § 2241.

Therefore, this action is summarily **DISMISSED** with prejudice.

This is the fourth petition for writ habeas corpus under 28 U.S.C. § 2241 that Petitioner has filed in this district seeking to attack his sentence. *See Jones v. Gilkey*, Case No. 02-cv-030-DRH (S.D. Ill., filed Jan. 14, 2002), *aff'd*, Appeal No. 02-3357 (7th Cir., filed Sept. 9, 2002); *Jones v. Gilkey*, Case No. 03-cv-118-MJR (S.D. Ill., filed Feb. 25, 2003); *Jones v. Veltri*, 04-cv-120-JLF (S.D. Ill., filed Feb. 24, 2004). Each of the previous cases was dismissed because Petitioner had not shown that Section 2241 was available to him.

In addition, a review of cases filed by Petitioner in the Eastern District of Michigan revealed that Petitioner has attempted to challenge his sentence in that district with no less than four motions to vacate, set aside or correct sentence under 28 U.S.C. § 2255.  *See Jones v. United States*, Case No. 2:97-cv-71140 (E.D. Mich., filed Mar. 20, 1997); *Jones v. United States*, Case No. 2:98-cv-74313 (E.D. Mich., filed October 5, 1998); *Jones v. United States*, Case No. 2:00-cv-74242 (E.D. Mich., filed Sept. 22, 2000); *Jones v. United States*, Case No. 2:04-cv-71356 (E.D. Mich., filed Apr. 12, 2004).  Petitioner also filed at least one petition for writ of habeas corpus under 28 U.S.C. § 2241 in that district while he was incarcerated in the Federal Correctional Institution in Milan, Michigan.  *See Jones v. United States*, Case No. 2:98-cv-73185 (E.D. Mich., filed July 7, 1998).

Petitioner has been told repeatedly by this Court that Section 2241 is unavailable to him to attack his sentence, yet he continues to attempt to do so.  Accordingly, the Court finds that Petitioner's repeated attempts to attack his sentence through petitions for habeas corpus have reached the level of abusive litigation.  Fed.R.Civ.P. 11.  *See Alexander v. United States*, 121 F.3d 312, 145-26 (7th Cir. 1997).  This Court now warns him: **ANY FURTHER EFFORT BY PHILLIP JONES, B.O.P. #18419-039, TO BEGIN A COLLATERAL ATTACK WITHIN THIS DISTRICT ON HIS CONVICTION FROM THE EASTERN DISTRICT OF MICHIGAN WILL LEAD TO SANCTIONS**.

**IT IS SO ORDERED.**

**DATED this 21st day of June, 2005.**

    **s/ Michael J. Reagan**
    **MICHAEL J. REAGAN**
    **United States District Judge**